BILAL A. ESSAYLI
Acting United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Terrorism & Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0759
     Facsimile: (213) 894-2927
     E-mail:    khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

LODGED
CLERK, U.S. DISTRICT COURT
9/8/25
CENTRAL DISTRICT OF CALIFORNIA
BY: MRV DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
09/08/25
CENTRAL DISTRICT OF CALIFORNIA
BY: cld DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-mj-05544-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| SAMAN DELAFRAZ, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.   Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

☐   a.   present offense committed while defendant was on release pending (felony trial),

☐   b.   defendant is an alien not lawfully admitted for permanent residence; and

☐   c.   defendant may flee; or

1  ☐  d.  pose a danger to another or the community.
2  ☒  2.  Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:
   ☒  a.  the appearance of the defendant as required;
   ☐  b.  safety of any other person and the community.
   ☐  3.  Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):
      ☐  a.  defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;
      ☐  b.  defendant cannot establish by clear and convincing evidence that he/she will not flee.
   ☐  4.  Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):
      ☐  a.  Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);
      ☐  b.  offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);
      ☐  c.  offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

|   |   |   |   |
|---|---|---|---|
| 1 | | | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 2 | | | to community and flight risk); |
| 3 | ☐ | d. | defendant currently charged with an offense described |
| 4 | | | in paragraph 5a - 5e below, <u>AND</u> defendant was |
| 5 | | | previously convicted of an offense described in |
| 6 | | | paragraph 5a - 5e below (whether Federal or |
| 7 | | | State/local), <u>AND</u> that previous offense was committed |
| 8 | | | while defendant was on release pending trial, <u>AND</u> the |
| 9 | | | current offense was committed within five years of |
| 10 | | | conviction or release from prison on the above- |
| 11 | | | described previous conviction (presumption of danger to |
| 12 | | | community). |
| 13 | ☐ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 14 | | | If the Case Involves: |
| 15 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 16 | | | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or |
| 17 | | | Federal crime of terrorism (as defined in 18 U.S.C. |
| 18 | | | § 2332b(g)(5)(B)) for which maximum sentence is 10 |
| 19 | | | years' imprisonment or more; |
| 20 | ☐ | b. | an offense for which maximum sentence is life |
| 21 | | | imprisonment or death; |
| 22 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 23 | | | 10 years' imprisonment or more; |
| 24 | ☐ | d. | any felony if defendant has two or more convictions for |
| 25 | | | a crime set forth in a-c above or for an offense under |
| 26 | | | state or local law that would qualify under a, b, or c |

|   |   |   |   |
|---|---|---|---|
| | | | if federal jurisdiction were present, or a combination or such offenses; |
| | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| | ☒ | f. | serious risk defendant will flee; |
| | ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ☐ | 6. | | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

///
///
///

4

☐   7.   Good cause for continuance in excess of three days exists in that:

Dated: September 8, 2025          Respectfully submitted,

                                  BILAL A. ESSAYLI
                                  Acting United States Attorney

                                  DAVID T. RYAN
                                  Assistant United States Attorney
                                  Chief, National Security Division


                                    */s/ Khaldoun Shobaki*
                                  KHALDOUN SHOBAKI
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA