BILAL A. ESSAYLI
Acting United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Terrorism & Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0759
     Facsimile: (213) 894-2927
     E-mail:    khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BENJAMIN DANESHGAR,<br><br>　　　　Defendant. | No. 2:25-mj-05544-DUTY<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

　　　Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.　Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

　☐ a.　present offense committed while defendant was on release pending (felony trial),

　☐ b.　defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

　☐ c.　defendant may flee; or

    ☐  d.  pose a danger to another or the community.

☒  2.  Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

    ☒  a.  the appearance of the defendant as required;

    ☐  b.  safety of any other person and the community.

☐  3.  Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

    ☐  a.  defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

    ☐  b.  defendant cannot establish by clear and convincing evidence that he/she will not flee.

☐  4.  Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

    ☐  a.  Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 *et seq.*) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

    ☐  b.  offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

    ☐  c.  offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

    2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐  d. defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☐ 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐  a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐  b. an offense for which maximum sentence is life imprisonment or death;

☐  c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐  d. any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c

|   |   |   |   |
|---|---|---|---|
| 1 |  |  | if federal jurisdiction were present, or a combination |
| 2 |  |  | or such offenses; |
| 3 | ☐ | e. | any felony not otherwise a crime of violence that |
| 4 |  |  | involves a minor victim or the possession or use of a |
| 5 |  |  | firearm or destructive device (as defined in 18 U.S.C. |
| 6 |  |  | § 921), or any other dangerous weapon, or involves a |
| 7 |  |  | failure to register under 18 U.S.C. § 2250; |
| 8 | ☒ | f. | serious risk defendant will flee; |
| 9 | ☐ | g. | serious risk defendant will (obstruct or attempt to |
| 10 |  |  | obstruct justice) or (threaten, injure, or intimidate |
| 11 |  |  | prospective witness or juror, or attempt to do so). |
| 12 | ☐ | 6. | Government requests continuance of _____ days for detention |
| 13 |  |  | hearing under § 3142(f) and based upon the following |
| 14 |  |  | reason(s): |

15
16 _____
17 _____
18 _____
19 ///
20 ///
21 ///
22
23
24
25
26
27
28

4

7. ☐ Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: September 8, 2025         Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

     */s/ Khaldoun Shobaki*
KHALDOUN SHOBAKI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA