

LODGED
CLERK, U.S. DISTRICT COURT

9/8/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MRV _____ DEPUTY

1  BILAL A. ESSAYLI
   Acting United States Attorney
2  DAVID T. RYAN
   Assistant United States Attorney
3  Chief, National Security Division
   KHALDOUN SHOBAKI (Cal. Bar No. 232864)
4  Assistant United States Attorney
   Terrorism & Export Crimes Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0759/3825
7       Facsimile: (213) 894-2927
        E-mail:    khaldoun.shobaki@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

09/08/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ did _____ DEPUTY

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,              2:25-mj-05544-DUTY

13          Plaintiff,            GOVERNMENT'S *EX PARTE* APPLICATION
                                  FOR ORDER SEALING COMPLAINT AND
14          v.                    RELATED DOCUMENTS; DECLARATION OF
                                  KHALDOUN SHOBAKI
15  SAMAN DELAFRAZ, and
    BENJAMIN DANESHGAR,             **(UNDER SEAL)**
16
            Defendants.
17

18

19       The government hereby applies ex parte for an order directing

20  that the complaint, supporting affidavit, and arrest warrants, as

21  well as this ex parte application, the memorandum of points and

22  authorities, the declaration of Khaldoun Shobaki, and this Court's

23  sealing order, be kept under seal until the earlier of (1) the

24  government filing a "Report Commencing Criminal Action" in this

25  matter; (2) the execution of search warrants and the arrests of

26  DELAFRAZ and DANESHGAR which is currently expected to take place on

27  September 16, 2025; or (3) the government determines that these

28  materials are subject to its discovery obligations in connection with

1   criminal proceedings, at which time they may be produced to defense

2   counsel.

3        This ex parte application is based on the attached memorandum of

4   points and authorities, the declaration of Khaldoun Shobaki, and the

5   records and files in this case, including the affidavit in support of

6   a criminal complaint in this matter.

7   Dated: September 8, 2025        Respectfully submitted,

8                                   BILAL A. ESSAYLI
                                    Acting United States Attorney
9
                                    DAVID T. RYAN
10                                  Assistant United States Attorney
                                    Chief, National Security Division
11
                                    
12                                  _____
                                    KHALDOUN SHOBAKI
13                                  Assistant United States Attorneys

14                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this Court seal the complaint, supporting affidavit, and arrest warrant, as well as this ex parte application and all supporting documents, to maintain the integrity of this investigation.  Approval from this Court to seal these documents is required under Local Rule 79-5.

The Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants.  In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778 (9th Cir. 1982) (citing Agosto).

The Seventh Circuit has rejected the proposition that pre-indictment disclosure of a warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41(g).  In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996).  In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued.  If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there has been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517; accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

1

1    Here, for the reasons described in the attached declaration,

2    sealing is necessary to maintain the integrity of the government's

3    investigation.  The government accordingly requests that the

4    complaint, the supporting affidavit, and the arrest warrants, as well

5    as this ex parte application, the memorandum of points and

6    authorities, the declaration of Khaldoun Shobaki, and this Court's

7    sealing order, be kept under seal until further order of the Court,

8    until the execution of search warrants and the arrests of DELAFRAZ

9    and DANESHGAR which is currently expected to take place on September

10   16, 2025, or until the earliest of the following events: (1) the

11   government files a "Report Commencing Criminal Action" in this

12   matter; (2) the execution of search warrants and the arrests of

13   DELAFRAZ and DANESHGAR which is currently expected to take place on

14   September 16, 2025; or (3) the government determines that these

15   materials are subject to its discovery obligations in connection with

16   criminal proceedings, at which time they may be unsealed or produced

17   to defense counsel.

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF KHALDOUN SHOBAKI

I, KHALDOUN SHOBAKI, declare as follows:

1.    I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California.  I represent the government in the prosecution of United States v. Saman Delafraz et al., the complaint in which is being presented to this Court on September 8, 2025.

2.    The defendants charged in the above-captioned case have not been taken into custody on the charges contained in the complaint and has not been informed that they are going to be charged.  The government anticipates making the charges against defendants public after the execution of search warrants and arrests which I anticipate will occur on September 16, 2025.

3.    Accordingly, the government requests that the complaint and sealed documents in this case be sealed and remain so until the defendants are taken into custody on the charges contained in the complaint and the government files a "Report Commencing Criminal Action" in this matter, until the government makes a public announcement of the charges, or the United States determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be unsealed or produced to defense counsel.

4.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on September 8, 2025.

KHALDOUN SHOBAKI

1